**Order filed April 28, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00194-CV

_____

## IN THE MATTER OF THE ESTATE OF ESTHER ABELL DENTON, DECEASED

**On Appeal from the County Court**
**Midland County, Texas**
**Trial Court Cause No. P14779**

### O R D E R

On April 1, 2022, Douglas A. Denton, Appellant, filed in this court a Motion to Stay Proceedings, Deadlines, and Limitations in this Cause, and to Permit an Examination and Verification of the Court Reporter's Record of the Hearings Held on April 30, 2021, and on October 14, 2021. Appellant subsequently filed a "First Amended" motion that otherwise bears the same title as the April 1 motion. In these motions, Appellant disputes the accuracy and completeness of the reporter's record and asks that we remand this cause to the trial court for further proceedings regarding the reporter's record. Appellee, the administrator of the Estate of Esther Abell

Denton, filed a response in opposition to Appellant's motion to stay; Appellee requests that we deny the motion in its entirety.

Because Appellant complains about the state of the appellate record and because Appellant's brief is currently due to be filed in this court on May 6, 2022, we abate this appeal and remand the cause to the trial court so that the trial court may conduct a hearing on these matters and, hopefully, enlighten this court regarding the reporter's record that has been filed in this cause. Appellant complains about inaccuracies and, specifically, omissions in the reporter's record. We have reviewed both volumes of the reporter's record that Appellant mentions in his motions— Volume Two (from the April 30, 2021 hearing) and Volume Three (from the October 14, 2021 hearing)—but we are unable to determine whether there are inaccuracies or omissions without the aid of the trial court. We note that the trial court paused the proceedings at one point during the October 14 hearing and that he went "off the record" at another point during that same hearing. Thus, Appellant's recollection regarding the "unaccounted for" discussion may well have been a discussion that occurred off the record and, therefore, was not recorded or transcribed by the court reporter.

However, in light of Appellant's complaint, we abate this appeal and request that the trial court conduct a hearing to determine, and clarify for this court, the following:

> Whether the reporter's record contains inaccuracies or omissions as alleged by Appellant. *See* TEX. R. APP. P. 34.6(e)(2)–(3).

Upon completion of the hearing, the trial court shall make any findings necessary to address the concerns stated in this abatement order. The trial court's findings shall be included in a **supplemental clerk's record** to be filed in this court **on or before May 31, 2022**. A **supplemental reporter's record** from the hearing shall also be prepared and filed in this court **on or before May 31, 2022**.

Furthermore, **Appellant is requested to make arrangements for additional documents to be included in the supplemental clerk's record**. Upon our review of the clerk's record that was filed in this court on April 6, 2022, we note that it does not contain any documents that were filed prior to October 14, 2021. Therefore, it is missing items that are required by Rule 34.5(a) of the Texas Rules of Appellate Procedure.

When the supplemental records are filed in this court, we will reinstate the appeal. **Appellant's brief will be due thirty days after this appeal is reinstated**.

We dismiss as moot Appellant's original Motion to Stay Proceedings, Deadlines, and Limitations in this Cause, and to Permit an Examination and Verification of the Court Reporter's Record of the Hearings Held on April 30, 2021, and on October 14, 2021, which was filed in this court on April 1, 2022. We grant in part Appellant's First Amended Motion to Stay Proceedings, Deadlines, and Limitations in this Cause, and to Permit an Examination and Verification of the Court Reporter's Record of the Hearings Held on April 30, 2021, and on October 14, 2021, which was filed in this court on April 18, 2022. *See* TEX. R. APP. P. 34.6(e)(3). The motion is granted only to the extent it requests relief authorized under Rule 34.6(e) of the Texas Rules of Appellate Procedure. In all other respects, the motion is denied.

This appeal is abated.

PER CURIAM

April 28, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.